IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOYIN V. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RUSSEL STEVENS, DAVID KLIEGL, and ARCTIC GLACIER ICE,<br><br>　　　　　　Defendants. | **8:22CV408**<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Plaintiff's pro se Complaint filed on November 28, 2022. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of prisoner and in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

　　　　Plaintiff brings this action under 42 U.S.C. § 1983 seeking to recover damages from Defendant Arctic Glacier Ice and two individuals, Russel Stevens and David Kliegl. Filing No. 1 at 2. Stevens's job title is regional sales manager and Kliegl's job title is driver manager. Filing No. 1 at 2. Though not explicitly stated in the Complaint, Plaintiff implies that Stevens and Kliegl were employees of Arctic Glacier Ice. The Complaint identifies Defendants as state or local officials, Filing No. 3, but makes no allegation that Defendants are government officers or associated with a government entity.

　　　　Plaintiff alleges that on or about September 7, 2021, Stevens grabbed and struck Plaintiff. Filing No. 1 at 4. Plaintiff alleges four other managers witnessed the incident, Filing No. 1 at 4, and Stevens had a history of assaulting other employees, Filing No. 1

at 5. Plaintiff suffered injuries to his right lower leg, right elbow, and right lower back. Filing No. 1 at 5.

Plaintiff alleges Kliegl punished Plaintiff for calling in sick to work due to pain from a broken leg suffered while working at Arctic Glacier Ice. Filing No. 1 at 4. Plaintiff implies Kliegl's actions violated the Americans with Disabilities Act, 42 U.S.C. §§ 12112 to 12117 ("ADA"). See Filing No. 1 at 5. Plaintiff also alleges Kliegl denied Plaintiff a raise and reasonable benefits. Filing No. 1 at 4. Plaintiff asserts that Kliegl's wrongdoing occurred "around April 2021 and before." Filing No. 1 at 4.

Plaintiff alleges Arctic Glacier Ice is liable for ordering employees to work more than 70 hours per week, in violation of "FMCSR." Filing No. 1 at 5. Plaintiff does not define "FMCSR" but is presumably referring to the regulations of the Federal Motor Carrier Safety Administration. Plaintiff also asserts that Arctic Glacier Ice is liable for its "prejudice actions of not equally promotion [sic] Blacks to full-time and management," its failure to terminate Stevens despite his history of assaulting employees, and for permitting Kliegl to deny Plaintiff accommodations under the ADA. Filing No. 1 at 5. Plaintiff alleges these violations took place from "March 2020-Sept. 202 [sic]." Filing No. 1 at 4.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state

law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff does not allege any of the Defendants to be clothed with such authority. In other words, Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that Defendants acted under color of law.

Even construing the Complaint as asserting claims outside of § 1983, it cannot proceed past initial review. The Complaint makes conclusory statements about discrimination on the basis of race and disability but does not set forth enough factual allegations to plausibly allege a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 or the ADA.[1] Moreover, the Complaint does not allege sufficient facts to provide fair notice of the nature and basis or grounds for any other claims over which this Court would have jurisdiction.

## IV. CONCLUSION

Plaintiff does not allege that Defendants are state actors and thus no claim is stated upon which relief may be granted under § 1983. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

---

[1] Nor is there is any allegation that Plaintiff attempted to exhaust the administrative remedies necessary to bring such claims. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA). Thus, even if Plaintiff is attempting to assert employment discrimination claims, the Court cannot confirm whether such claims are timely or procedurally proper.

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. If Plaintiff seeks to assert employment discrimination claims, he is encouraged to use the enclosed Form Pro Se 7 Complaint for Employment Discrimination.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4. The Clerk of the Court is directed to send to Plaintiff a copy of the Form Pro Se 7 Complaint for Employment Discrimination.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 2, 2023**—amended complaint due.

Dated this 1st day of February, 2023.

                              BY THE COURT:

                              Joseph F. Bataillon
                              Senior United States District Judge