IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOYIN V. DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>RUSSEL STEVENS, DAVID KLIEGL, and ARCTIC GLACIER ICE,<br><br>        Defendants. | **8:22CV408**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's pro se Amended Complaint, Filing No. 1, filed in response to the Court's previous Memorandum and Order (the "Initial Review Order"), Filing No. 6. Also before the Court is Plaintiff's Motion which the Court construes as a motion to issue summons. Filing No. 8. While all of Plaintiff's claims were subject to pre-service dismissal, the Court granted Plaintiff leave to file an amended complaint. Filing No. 6 at 5. The Court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court's previous discussion, Filing No. 6, of each of Plaintiff's potential claims will not be repeated here, but will be incorporated by this reference into the Court's initial review of Plaintiff's Amended Complaint. For the reasons discussed, Plaintiff's Complaint will be dismissed, and the Motion will be denied as moot.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 seeking to recover damages from Defendant Arctic Glacier Ice and two individuals, Russel Stevens and David Kliegl. Filing No. 7 at 3. In the Initial Review Order, the Court concluded that Plaintiff's Complaint, Filing No.1, failed to state a claim under § 1983 because Plaintiff alleged no facts to show

that Defendants acted under color of law. Filing No. 6 at 4. The Court also noted that even if it construed the Complaint as asserting claims outside § 1983, the Complaint failed to provide more than conclusory statements about potential employment discrimination or any other claims. Filing No. 6 at 4.

Though Plaintiff's Complaint failed to state a claim, the Court permitted Plaintiff to amend the Complaint to allege sufficient facts to state an actionable claim for relief. Filing No. 6 at 4. The Court instructed that if Plaintiff seeks to assert employment discrimination claims, he was encouraged to use the Form Pro Se 7 Complaint for Employment Discrimination, which was attached to the Court's Initial Review Order. Filing No. 6 at 5.

## II. DISCUSSION

### A. Plaintiff's Claims Under § 1983

Plaintiff again asserts his claims under § 1983 for violations of his rights under the Equal Protection Clause of the Fourteenth and Fifth Amendments, and his rights under the Fourth Amendment to be free from "violence, false imprisonment." Filing No. 7 at 3. The allegations in Plaintiff's Amended Complaint, however, make clear that Defendants are not state actors. Accordingly, Plaintiff's claims in the Amended Complaint again fail to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that Defendants acted under color of law.

### B. Plaintiff's Other Potential Claims

Even attempting to construe the Amended Complaint as asserting claims outside § 1983, Plaintiff has not stated a claim for which relief can be granted. While Plaintiff makes myriad allegations against Defendants, none are sufficient to state a claim. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (noting that even pro se

2

complaints are required to allege facts which, if true, state a claim for relief as a matter of law). For example, although the Court specifically instructed Plaintiff to clarify whether he was asserting a claim for employment discrimination, Plaintiff continued to assert his claims under § 1983. Further, although Plaintiff makes conclusory references to discriminatory retaliation, he clarifies that he was retaliated against for seeking his yearly raise and benefits, and not because he opposed an unlawfully discriminatory employment practice. See *Gustafson v. Genesco, Inc.*, 320 F. Supp. 3d 1032, 1051 (S.D. Iowa 2018) (citing 42 U.S.C. § 2000e-3(a)). Additionally, Plaintiff refers to state law tort claims such as assault or battery, which cannot be brought on their own in federal court absent other allegations to show the Court has subject matter jurisdiction. See *Hill v. Toma*, No. 8:21CV422, 2021 WL 6012059, at *2 (D. Neb. Dec. 17, 2021). The Amended Complaint makes no such allegations.

In sum, even liberally construed, Plaintiff has not sufficiently alleged a claim under § 1983. Moreover, the Amended Complaint does not allege sufficient facts to provide fair notice of the nature and basis or grounds for any other claims over which this Court would have jurisdiction. Accordingly, after careful review of Plaintiff's Amended Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff's Amended Complaint, Filing No. 1, fails to state a claim upon which relief may be granted.
2. Plaintiff's Motion which the Court construes as a motion to issue summons. Filing No. 8, is denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order and the Initial Review Order.

Dated this 3rd day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge